1  David W. Tufts, Bar No. 180817
   Dentons Durham Jones Pinegar, P.C.
2  111 So. Main St., Suite 2400
   Salt Lake City, Utah 84111
3  Tel: (801) 415-3000
   david.tufts@dentons.com
4
   Attorneys for Defendant
5  THE ANNEX, LLC d/b/a HELM HOME

6

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9

| 10 | BARCLAY BUTERA DEVELOPMENT, INC., BARCLAY BUTERA, INC., and BARCLAY BUTERA, individually<br><br>Plaintiffs,<br><br>v.<br><br>THE ANNEX, LLC d/b/a HELM HOME and MARIO FERREIRA,<br><br>Defendants. | CASE NO. 8:23-cv-01139-CJC-KES<br><br>**DEFENDANT THE ANNEX, LLC D/B/A HELM HOME'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>(*Declaration of Chris Ross and Proposed Order filed concurrently herewith*)<br><br><u>Hearing</u><br>Date: September 11, 2023<br>Time: 1:30<br>Courtroom: 9B<br>Judge: Honorable Cormac J. Carney |
|---|---|

28  ///

                                    1

DEFENDANT'S NOTICE OF MOTION
AND MOTION DISMISS FOR LACK OF
PERSONAL JURISDICTION

SLC_6379400.1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 11, 2023 at 1:30 PM, or as soon thereafter as the matter may be heard before the Honorable Cormac J. Carney in Courtroom 9B of the United States District Court, Central District of California, located at 411 West 4th Street, Santa Ana, CA 92701. The motion is based on the lack of personal jurisdiction over defendant The Annex, LLC d/b/a Helm Home in this Court.

Based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Chris Ross and the exhibits attached thereto, and any further briefing and argument on this motion, Defendant The Annex, LLC d/b/a Helm Home respectfully request that the Court dismiss it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 31, 2023.

Dated:  August 14, 2023                Respectfully submitted,

                                       DENTONS DURHAM JONES PINEGAR, PC


                                       By /s/ *David W. Tufts*
                                       David W. Tufts
                                       *Attorney for Defendant* THE ANNEX, LLC d/b/a HELM HOME

## I. INTRODUCTION

Plaintiffs Barclay Butera Development Inc.'s, Barclay Butera, Inc.'s and Barclay Butera's (collectively "Barclay" or "Plaintiffs") Complaint against Defendant The Annex, LLC d/b/a Helm Home ("Helm Home") should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Helm Home is a local Utah business. Helm Home does not have members, bank accounts, or property in California. Moreover, Helm Home does not conduct any regular business in California.

Because of the dearth of Helm Home activity in California, Helm Home does not have continuous nor systematic contacts with the state of California (including this District). For these reasons, this Court lacks personal jurisdiction over Helm Home and should dismiss all claims against Helm Home accordingly.

## II. BACKGROUND

Plaintiffs filed their Complaint in the current case in June, 2023. *See* DE No. 1. The Complaint alleges claims related to trademark infringement, false advertising pursuant to the Lanham Act, and unfair competition, as well as conspiracy to breach fiduciary duty. *See id.* The Complaint alleges personal jurisdiction over Helm Home on the grounds that Helm conspired with Defendant Mario Ferreria ("Ferreria"), a Utah resident, knowing that Plaintiffs were California corporations and an individual based in the State of California. *See id.* at ¶¶ 8, 11.

Helm Home is a local Utah based luxury furniture business. *See* Declaration of Chris Ross, ¶ 3. In conjunction with selling luxury furniture, Helm Home provides design services to its clients. *See* Ross Decl. ¶ 4. Helm Home works primarily with and directs its business towards Utah based customers. *See* Ross Decl. ¶ 5. However, on rare occasions, Helm Home has worked with Utah based

customers to furnish secondary homes outside of the state. *See* Ross Decl. ¶ 6. Helm Home does not have any members, bank accounts, or property in California. *See* Ross Decl. ¶ 7. Helm Home does not have employees, properties, or business operations in California. *See* Ross Decl. ¶ 8.

With respect to the allegations in the Complaint, beginning in or around the spring of 2020, Helm Home worked with Ferreria. *See* Ross Decl. ¶ 9. Ferreria is a Utah resident, but an employee of Barclay. *See* Complaint, ¶ 10; Ross Decl. ¶ 10. Ferreria met with Chris Ross ("Ross"), of Helm Home, on various occasions either in Ferreria's Park City, Utah office or via the phone. *See* Ross Decl. ¶ 11. Ferreria informed Helm Home that he was in charge and responsible for the business operations of Barclay's Park City, Utah operations, including Barclay's interior design and furniture contracts. *See* Ross Decl. ¶ 12. Ferreria approached Helm Home, on behalf of Barclay, with a proposed business relationship between Helm Home and Barclay. *See* Ross Decl. ¶ 13. Ferreria explained that Barclay had been contacted by various homeowners in Park City, Utah who wanted Barclay to stage and furnish their homes as part of the homeowners' efforts to sell their properties. *See* Ross Decl. ¶ 14. Ferreria further explained that, due to the COVID-19 pandemic, Barclay did not have sufficient furniture in its showroom or warehouse to stage its customers' homes in Park City, *See* Ross Decl. ¶ 14. As a result, Ferreria requested that Helm Home put bids together for Barclay's clients with estimates for how much it would cost Helm Home to stage/furnish the homes with Helm Home's showroom furniture. *See* Ross Decl. ¶ 14.

Pursuant to Ferreria's request, Helm Home agreed to prepare bids, but Helm Home never dealt directly with any of Barclay's clients (the Park City homeowners) during this process—Ferreira dealt with them exclusively. *See* Ross Decl. ¶ 15. Ferreria would send Helm Home pictures of the homes that needed to be staged, Helm Homes would prepare a staging bid and send it to Ferreira, and

Ferreira would present the bid to the homeowner. *See* Ross Decl. ¶ 16.[1] If the homeowners accepted the bid, they would remit payment directly to Ferreria and Ferreira would transfer the payment to Helm Home. *See* Ross Decl. ¶ 16. Helm Home would then proceed to stage the home with Helm's showroom furniture. Helm Home had no further involvement. *See* Ross Decl. ¶ 17. Throughout the course the business dealings, Helm Home assisted in staging/furnishing nine homes, all of which were in Utah—eight being in Park City, and one being in Salt Lake City, Utah. *See* Ross Decl. ¶ 18.

Helm Home never dealt with any individuals from Barclay except for Ferreria. *See* Ross Decl. ¶ 19. Every interactions with Ferreria was within the State of Utah, either in Ferreria's Park City office or via telephone and email. *See* Ross Decl. ¶ 20. Helm Home only provided services with respect to homes located in Utah. *See* Ross Decl. ¶ 21. Helm Home never entered into any agreements with Barclay, and only provided "Staging Bids" with respect to the homes for which Ferreria requested Helm Home provide bids. *See* Ross Decl. ¶ 22.

In short, Helm Home engaged in business with a Utah resident to furnish and stage Utah homes. Helm Home had no specific contacts with the State of California.

### III.   ARGUMENT

Federal Rule of Civil Procedure 12(b)(2) authorizes this Court to dismiss an action for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). A plaintiff has the burden of establishing personal jurisdiction. *See American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). A plaintiff cannot establish personal jurisdiction merely by pleading conclusory and unsupported allegations - such allegations will not be assumed true if they are contradicted by

---

[1] There was one instance where Ferrara instructed the homeowner to remit payment directly to Helm Home.

declaration or affidavit. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see also Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967). District courts have the power to exercise personal jurisdiction to the extent of the law of the state in which they sit. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm jurisdictional statute is coextensive with federal due-process requirements. *See* Cal. Civ. Proc. Code § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). Thus, a defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

### A. This Court Does Not Have General Jurisdiction Over Helm Home Because Helm Home is Not "at Home" in California.

A party may meet the personal jurisdiction requirement in one of two ways. First, a court may exercise "general jurisdiction" over a defendant that has "continuous and systematic" contacts with the forum state "as to render them essentially at home in the forum State". *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851, 2854 (2011). Helm Home does not have any members in California, nor does Helm Home direct its business towards the State of California. *See* Ross Decl. ¶ 7 Plaintiff has failed to allege any "continuous and systematic" contacts in California so as to render Helm Home essentially "at home" there. Helm Home does not have employees, properties, or business operations in California. *See* Ross Decl. ¶ 8. There is simply no basis for finding general jurisdiction over Helm Home in the State of California.

**B.      This Court Does Not Have Specific Jurisdiction Over Helm Home.**

Second, a court may exercise "specific jurisdiction". In contrast to general jurisdiction, which "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile)," specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy.'" *Walden v. Fiore,* 134 S.Ct. 1115, 1121, fn. 6 (2014) (emphasis added) (quoting *Goodyear*, 131 S.Ct. at 2851). This threshold level of contact between the forum state and the defendants to establish specific jurisdiction is commonly referred to as "minimum contacts." *International Shoe Co. v. Washington,* 66 S.Ct. 154, 158 (1945). The requisite affiliation between the forum state and the underlying controversy typically involves an "activity or an occurrence that takes place in the forum state and is, therefore, subject to the state's regulation." *Goodyear*, 131 S.Ct. at 2851. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden*, 134 S.Ct. at 1121.

The Ninth Circuit utilizes a three-part test to determine if the exercise of specific jurisdiction over a nonresident is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1076 (9th Cir. 2011).

Once a nonresident defendant – such as Helm Home – challenges personal jurisdiction, the plaintiff bears the burden of proving that the defendant maintains the requisite minimum contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). If the plaintiff fails to do so, then "the jurisdictional inquiry ends and the case must be dismissed." *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008). Plaintiff must show more than just a relationship between itself and Defendants. *See Walden*, 134 S.Ct. at 1123 ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."). "Due process requires that [each] defendant be hailed into court in a forum state based on [their] own affiliation with the State, not based on the random, fortuitous, or attenuated contacts [they] make[] by interacting with other persons affiliated with the State." *Id.* (emphasis added).

Here, Plaintiffs have failed to prove any of the three prongs required to establish specific jurisdiction over Helm Home in California.

First, Helm Home's conduct does not satisfy the purposeful availment or purposeful direction tests. To satisfy the purposeful direction test, Plaintiffs must demonstrate that a defendant "(1) committed an intentional act, (2) expressly aimed at the forum State, (3) causing harm that the defendant knows is likely to be suffered in the forum State." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). Plaintiffs fail to plead *any* specific Helm Home conduct constituting its purposeful direction, or availment, of California as a forum State. Plaintiffs allege, in a conclusory fashion, that Helm Home "engaged in conspiratorial acts with Defendant Ferreira, knowing full well that [Plaintiffs] were at all times California corporations, and an individual based in the State of California." Complaint, ¶ 11. Although, the Plaintiff acknowledge that Ferreira "is an individual residing in the State of Utah" with a "principal place of business" in Park City, Utah. *Id.* at ¶ 8.


Plaintiffs' allegations only comport to establish that Helm Home engaged in acts with a *Utah* resident.

Second, Plaintiffs have failed to allege sufficient facts that Helm Home engaged in conduct related to this action *in California*. Plaintiffs have not alleged any specific California conduct by Helm Home, so it is impossible to find any nexus between any California conduct and the instant action. The only specific California conduct that Plaintiffs allege is that Helm Home conducted business with a Utah resident employed by a California based entity. As explained, Helm Home never dealt with any individuals from Barclay except for Ferreria. *See* Ross Decl. ¶ 19. Every interactions with Ferreria was within the State of Utah, either in Ferreria's Park City office or via telephone and email. *See* Ross Decl. ¶ 20. Helm Home only provided services with respect to homes located in Utah. *See* Ross Decl. ¶ 21. Helm Home never entered into any agreements with Barclay, and only provided "Staging Bids" with respect to the homes for which Ferreria requested Helm Home provide bids. *See* Ross Decl. ¶ 22.

Finally, exercising personal jurisdiction over Helm Home in California would be unreasonable and would not comport with traditional notions of fair play and substantial justice. If the first two prongs in the personal jurisdiction analysis have been satisfied, plaintiffs must still satisfy the third prong and make a showing that jurisdiction in the forum State is reasonable. *See, e.g., Burger King Corp. v. Rudzewicz*, 105 S.Ct. 2174 (1985). Here, where Plaintiffs failed to satisfy the first two prongs, the analysis should end, but even if this Court were to find that Plaintiffs have satisfied the first two prongs, Plaintiffs still do not and cannot allege sufficient facts to show that jurisdiction would be reasonable in California.

The Ninth Circuit historically has considered seven factors in determining whether the exercise of jurisdiction would be unreasonable in a given case. *See, e.g., Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). These

factors include the following: (1) the extent of each defendant's purposeful interjection into the forum State's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution to the controversy; (6) the importance of the forum to Plaintiff's interests in convenient and effective relief; and (7) the existence of an alternative forum. *Id*.

As explained, Helm Home has not purposefully interjected itself into California's affairs. Moreover, defending this action imposes a significant burden on Helm Home, because its lead counsel is located in Utah and the relevant witnesses and evidence are in Utah. It will be burdensome for Helm Home to travel to California for hearings, depositions, and other discovery related matters. Moreover, this matter could have been filed in Utah state court or in the District of Utah. Further, it would satisfy efficient judicial resolution, and judicial resources, for this matter to be resolved in Utah, where caseloads are significantly lighter than in the Central District of California. *See https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2023/03/31* (as of March 31, 2023 there were 10,270 civil cases pending in the Central District of California and only 1,452 civil cases pending in the District of Utah). Accordingly, exercising personal jurisdiction over Helm Home in California would be unreasonable and would not comport with traditional notions of fair play and substantial justice

## IV.     CONCLUSION

For the foregoing reasons, Helm Home respectfully requests that this Court GRANT its motion to dismiss the action for lack of personal jurisdiction.

1 | Dated: August 14, 2023

Respectfully submitted,

DENTONS DURHAM JONES PINEGAR, PC

By */s/ David W. Tufts*
  David W. Tufts

  *Attorneys for Defendant* THE ANNEX, LLC d/b/a HELM HOME

## CERTIFICATE OF SERVICE

I declare under penalty of perjury as follows: I am employed in the office of a member of the Bar of this Court at whose direction the service was made. My business address is Dentons Durham Jones Pinegar, P.C., 111 S. Main St., Suite 2400, Salt Lake City, Utah 84111.

On August 14, 2023, I electronically filed the foregoing document with the Clerk of the Court the Clerk of the Court using its CM/ECF System, which electronically provides notification of such filing to all counsel of record in this action.

Executed in Salt Lake City, Utah on August 14, 2023.

*/s/ Kristin Hughes*
Kristin Hughes