VETHAN LAW FIRM, P.C.
Charles M.R. Vethan
California Bar No. 300098
Email: cvethan@vethanlaw.com
7755 Center Ave. 11th Floor
Huntington Beach, CA 92647
Telephone: (713) 526-2222
Facsimile: (713) 526-2230
Service email: edocs@vethanlaw.com

**Attorney for Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **BARCLAY BUTERA DEVELOPMENT, INC., BARCLAY BUTERA, INC., and BARCLAY BUTERA, individually,** § § § § § § § **Plaintiff,** § § § § § § § § § § § § § § § § § **vs.** § § **THE ANNEX, LLC. d/b/a HELM HOME and MARIO FERREIRA,** § § § § § **Defendants** § | Civil Action No. 8:23-cv-01139-CJC-KES <br><br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT MARIO FERRERIA'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6), AND HIS ALTERNATIVE MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C § 1404 AND DEFENDANT THE ANNEX, LLC D/B/A HELM HOME'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Hearing Date: September 11, 2023 <br> Hearing Time: 1:30 PM <br> Judge: Honorable Cormac J. Carney |

TO THE HONORABLE JUDGE OF SAID COURT:

**MEMORANDUM AND POINTS OF AUTHORITIES**

1. Plaintiff, Barclay Butera Development, Inc., Barclay Butera, Inc., And Barclay Butera (collectively "Plaintiffs"), submits this Memorandum of Points and Authorities in response to Defendant The Annex, LLC. d/b/a Helm Home's Motion to Dismiss for Lack of Personal Jurisdiction and Defendant Mario Ferreira's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or alternatively, to dismiss per FRCP 12(b)(3), or transfer venue pursuant to 28 U.S.C. § 1404 to a federal court located in Park City County in the State of Utah.

## I.  INTRODUCTION

2. Defendant The Annex, LLC d/b/a Helm Home ("Helm Home") and Defendant Mario Ferreira ("Ferreira") (collectively "Defendants") seek to dismiss Plaintiffs' Complaint based on an argument that this Court lacks personal jurisdiction over both Defendants. Defendant Ferreira in the alternative is willing to transfer the case to the District of Utah pursuant to 28 U.S.C. § 1404.

3. This case involves claims of trademark infringement, false advertising, unfair competition under the Lanham Act, as well as breach of fiduciary duty, conversion, and fraud. Plaintiff Barclay Butera, operating under Barclay Butera Development, Inc. (BBD) and Barclay Butera, Inc. (BBI) in California, owns trademarked names and logos. Former employee Defendant Ferreira violated confidentiality and non-compete clauses, misused trade secrets, and exploited these trademarks for personal gain through illicit activities. Ferreira's actions, including asset misappropriation and fraudulent behavior, have resulted in violations of Federal Trademark laws, 15 U.S.C. § 1125(a), and substantial harm to Butera's, BBD's, and BBI's business interests.

4. Counsel for all parties conferred at 9:00 AM PST regarding transferring venue to Utah. Counsel for Plaintiffs agreed to seek dismissal of this lawsuit without

prejudice so that it could be refiled in the United States District Court for the District of Utah. Counsel for Defendants agreed that they would accept service on behalf of each of their clients, and that their answers would be due within thirty days of receipt of the refiled Complaint and a summons.

5. Plaintiffs' counsel circulated a proposed Agreed Stipulation to Defense counsel at approximately 1:00 PM PST. Plaintiffs anticipated all counsel would agree but apparently Plaintiffs trust was misplaced. Counsel for Helm Home emailed at 7:12 PST that only agreed to the dismissal of the claims against Defendant Ferreira, not Defendant Helm Home. Counsel knew Plaintiffs' counsel was based in Houston, Texas, and would receive the response after 9:00 PM CST.

6. Plaintiffs still hope to be able to file a joint stipulation as to dismissal on Tuesday, August 29, 2023, but can no longer count on that possibility. Therefore, out of an abundance of caution, Plaintiffs file this response, subject to the filing of a possible Agreed Stipulation.

7. Because venue is more convenient for Defendants in the District of Utah, Plaintiff is willing to transfer the suit to the District of Utah.

## II. ARGUMENT

### A. Motion to Dismiss Standard

8. A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).

9. The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the

complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

10. The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

B. **Plaintiff is willing to transfer venue pursuant to 28 U.S.C. § 1404 to the District of Utah.**

11. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)).

12. Plaintiffs believe that the Court possesses personal jurisdiction over the Defendants. However, Plaintiffs are also committed to ensuring an efficient and just litigation process.

13. It is evident from both Defendants' motions that their primary contention revolves around the question of personal jurisdiction. Although Plaintiffs maintain that the jurisdictional requirements are met, they also recognize that this dispute has the

potential to be resolved more expediently in the District of Utah, where Defendant Helm Home is based and where Defendant Mario Ferreira has substantial connections. *Id*.

14. Considering this, Plaintiffs are agreeable a transfer of venue to the District of Utah, where the relevant events and parties are centered, if the Parties are unable to agree upon the terms of a dismissal without prejudice to refile. Such a transfer would not only address the Defendants' jurisdictional concerns but also contribute to the efficient and fair resolution of this matter. *Id*. By doing so, Plaintiffs seek to maintain the integrity of the litigation process and allow the parties to focus on the merits of the case without unnecessary procedural disputes. *Id*.

**C. Plaintiffs' claims should not be dismissed but instead transferred to a different venue.**

15. If a district court finds that jurisdiction is lacking, it may dismiss the petition, or transfer the action to any other court in which the action could have been brought, if such a transfer is in the interest of justice. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); 28 U.S.C. §1631. Pursuant to 28 U.S.C. §1631, where "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought ...." 28 U.S.C. § 1631.

16. Courts in this Circuit has held that, "normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating.'" *Miller,* 905 F.2d at 262.

17. In the absence of an Agreed Stipulation, Plaintiffs argue that a more judicious course of action is not dismissal but rather to transfer the suit to a more appropriate venue.

18. In circumstances where a district court determines that personal jurisdiction is lacking, legal principles, including 28 U.S.C. §1631 and *Miller v. Hambrick*, emphasize the court's authority to transfer the action to another court where the action could have

been brought, if such transfer is deemed to be in the interest of justice. *Miller,* 905 F.2d at 262. The language of 28 U.S.C. §1631 is clear: where a jurisdictional deficiency is evident, and the transfer would serve the interests of justice, the court is directed to effectuate such transfer.

19. Dismissing an action that could otherwise be pursued elsewhere is often deemed "time-consuming and justice-defeating," *Miller,* 905 F.2d at 262. Thus, a transfer of venue becomes an avenue to conserve time, resources, and ensure that the substantive claims can be addressed in a more suitable jurisdiction, rather than being hindered by jurisdictional disputes. *Id.*

20. Plaintiffs believe the potential value of transferring this suit to an alternate venue, specifically the District of Utah, which is closely tied to the parties and events would address any jurisdictional concerns voiced by the Defendants, while upholding the principles of efficiency and justice that underpin the judicial process.

### III.  CONCLUSION

21. Based on the foregoing, Plaintiffs, Barclay Butera Development Inc., Barclay Butera, Inc., and Barclay Butera, respectfully request that the Court consider transferring the venue of this action to the District of Utah, rather than proceeding with dismissal. Such a transfer aligns with the principles of justice, efficiency, and fairness, and would better serve the interests of all parties involved.

Respectfully submitted,
VETHAN LAW FIRM, P.C.

By: /s/ *Charles Vethan*
Charles M.R. Vethan
California Bar No. 300098
Email: cvethan@vethanlaw.com
820 Gessner Road, Suite 1510

Houston, Texas 77024
Telephone: (713) 526-2222
Facsimile: (713) 526-2230
Service email: edocs@vethanlaw.com

***Attorney for Plaintiffs***

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct of copy of this instrument was served on all parties, represented through counsel or *pro se*, through ECF, email and/or Certified Mail, pursuant to the Federal Rules of Civil Procedure, on this 28th day of August 2023, as follows:

Trevor J. Lee (Bar No. 301107)
Email: trevor@hlhparkcity.com
**HOGGAN LEE HUTCHINSON**
1225 Deer Valley Drive, Suite 201
Park City, Utah 84060
Salt Lake City, UT 84111
Telephone: (435) 615-2264

Richard A. Kaplan (Pro Hac Vice Forthcoming)
Email: rkaplan@yahlaw.com
**YOUNG HOFFMAN, LLC**
175 South Main Street, Suite 850
Salt Lake City, UT 84101
Telephone: 801-359-1900

*Counsel for Defendant Mario Ferreira*

David W. Tufts, Bar No. 180817
Dentons Durham Jones Pinegar, P.C.
111 So. Main St., Suite 2400
Salt Lake City, Utah 84111
Tel: (801) 415-3000
david.tufts@dentons.com

*Attorneys for Defendant*
*THE ANNEX, LLC d/b/a HELM HOME*

By: /s/ *Charles Vethan*
Charles M.R. Vethan

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS     Page 8 of 8