David W. Tufts, Bar No. 180817
Dentons Durham Jones Pinegar, P.C.
111 So. Main St., Suite 2400
Salt Lake City, Utah 84111
Tel: (801) 415-3000
david.tufts@dentons.com

Attorneys for Defendant
THE ANNEX, LLC d/b/a HELM HOME

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARCLAY BUTERA DEVELOPMENT, INC., BARCLAY BUTERA, INC., and BARCLAY BUTERA, individually<br><br>Plaintiffs,<br><br>v.<br><br>THE ANNEX, LLC d/b/a HELM HOME and MARIO FERREIRA,<br><br>Defendants. | CASE NO. 8:23-cv-01139-CJC-KES<br><br>**DEFENDANT THE ANNEX, LLC D/B/A HELM HOME'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br><u>Hearing</u><br>Date: September 18, 2023<br>Time: 1:30<br>Courtroom: 9B<br>Judge: Honorable Cormac J. Carney |

Defendant The Annex, LLC d/b/a Helm Home ("Helm Home"), by and through counsel of record, hereby submits its Reply Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion"). Helm Home asks that, pursuant to Fed. R. Civ. P. 12(b)(2), this Court dismiss all claims in this action brought by Plaintiffs Barclay Butera Development Inc., Barclay Butera, Inc. and Barclay Butera (collectively "Barclay" or "Plaintiffs") against Helm Home.

## I.    INTRODUCTION

Plaintiffs provide the Court with a narrative regarding the parties' attempts to resolve the matter without Court intervention. Though Helm Home disagrees with Plaintiffs' narrative in several material respects, it is not pertinent to the disposition of the Motion to contradict all of the details Plaintiffs allege. In essence, Helm Homes' position is as follows.

On July 31, 2023, Helm Home met and conferred with Plaintiffs prior to filing the Motion. At that time, Plaintiffs would not agree that this Court lacks personal jurisdiction over Helm Home, thereby forcing Helm Home to incur the expense to prepare and file this Motion seeking dismissal. Since then, although the parties have continued in efforts to resolve this matter, they have not been able to reach a stipulated resolution. On August 28, 2023, the date of the Opposition, Helm Home informed Plaintiffs that it was willing to stipulate to this Motion being granted, thereby avoiding the necessity for any party to incur further expense related to this Motion, and Plaintiffs said they would consider this and prepare a stipulation to that effect if they agreed. However, Plaintiffs never circulated such a stipulation, and thus no stipulation has been filed with the Court. Though Plaintiffs now ask this Court to transfer the matter to the District of Utah, Helm Home never agreed to such, verbally or otherwise, nor is that the relief Helm Home sought in its Motion.

Plaintiffs' Opposition seemingly complains that Helm Home's Motion is an "unnecessary procedural dispute." (Opposition, ¶ 14). This is not taken well. Plaintiffs filed their Complaint in an improper jurisdiction, and then refused to acknowledge the same when the parties meet and conferred, forcing Helm Home to incur the expense of preparing and filing the Motion. It is not well taken for Plaintiffs to now complain that Helm Home is defending itself from being haled into Court in an improper forum that lacks jurisdiction. Plaintiffs were unwilling to stipulate to dismissal and required Helm Home to go to the time and expense of moving for dismissal before this Court. Plaintiffs initiated this action in this Court without any factual basis for personal jurisdiction over Helm Home, and thus, Helm Home asks this Court to rule on the Motion and grant the relief requested. Plaintiffs have yet to provide this Court with any factual basis under which it may exercise personal jurisdiction over Helm Home. Accordingly, Plaintiffs' Complaint against Helm Home should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## II. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over Helm Home.

Federal Rule of Civil Procedure 12(b)(2) authorizes this Court to dismiss an action for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). In this matter, Helm Home lacks continuous and systematic contacts with California, such that this Court can exercise "general jurisdiction" over Helm Home. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851, 2854 (2011). Moreover, Plaintiffs fail to plead any specific Helm Home conduct constituting its purposeful direction, or availment, of California as a forum State. Thus, this Court also lacks specific jurisdiction over Helm Home. *See Picot v. Weston,* 780 F.3d 1206, 1214 (9th Cir. 2015).

Even in the Opposition, Plaintiffs fail to provide this Court with any basis under which it may exercise personal jurisdiction (general or specific) over Helm Home. Plaintiffs simply state "Plaintiffs believe that the Court possesses personal jurisdiction over the Defendants." (Opposition, ¶ 12). This is not enough to meet Plaintiffs' burden. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008) (if the plaintiff fails to meet its burden, then "the jurisdictional inquiry ends and the case must be dismissed."). Thus, this Court should dismiss Plaintiffs' Complaint against Helm Home d pursuant to Fed. R. Civ. P. 12(b)(2).

### B. This Court Should Dismiss Helm Home, Not Transfer the Action.

Rather than provide this Court with facts sufficient to establish personal jurisdiction over Helm Home, Plaintiffs simply urge the Court to transfer this matter to the District of Utah. While Helm Home recognizes that this Court has the authority to transfer the matter, Helm Home urges this Court to grant the Motion and dismiss it from the matter. Plaintiffs are not precluded from filing their Complaint in the District of Utah, if they desire to do so. Plaintiffs' actions required Helm Home to go to the time and expense of filing this Motion—thus, Helm Home asks that this Court consider the Motion and grant the requested relief.

### III.   CONCLUSION

For the foregoing reasons, Helm Home respectfully requests that this Court GRANT its motion to dismiss the action for lack of personal jurisdiction.

1  Dated: September 5, 2023        Respectfully submitted,

2                                  DENTONS DURHAM JONES PINEGAR, PC

3

4                                  By */s/ David W. Tufts*

5                                     David W. Tufts

6                                  *Attorneys for Defendant* THE ANNEX, LLC d/b/a HELM HOME

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 5                    DEFENDANT THE ANNEX, LLC D/B/A HELM HOME'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

  I declare under penalty of perjury as follows: I am employed in the office of a member of the Bar of this Court at whose direction the service was made. My business address is Dentons Durham Jones Pinegar, P.C., 111 S. Main St., Suite 2400, Salt Lake City, Utah 84111.

  On August 14, 2023, I electronically filed the foregoing document with the Clerk of the Court the Clerk of the Court using its CM/ECF System, which electronically provides notification of such filing to all counsel of record in this action.

  Executed in Salt Lake City, Utah on September 5, 2023.

              */s/ Cathy Frandsen*
              Cathy Frandsen